United States District Court
Southern District of Texas
**ENTERED**
February 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| 20 CAP FUND I LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-303 |
| | § | |
| FIRST FRANKLIN FINANCIAL | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CERTAIN DEFENDANTS FOR WANT OF PROSECUTION

Plaintiff, 20 Cap Fund LLC, filed its complaint in this Court on October 24, 2016, naming four defendants. Dkt. 1. An order setting an initial pretrial and scheduling conference was issued, setting the initial conference on February 10, 2017. Dkt. 2. Plaintiff even filed a Certificate of Interested Parties on November 10, 2016. Dkt. 3. Nonetheless, Plaintiff did not request issuance of summons until January 10, 2017, over 75 days after it filed suit. On February 9, 2017, this Court issued notice that Plaintiff was required to serve and file proof of service upon all four defendants on or before Friday, February 17, 2017 or else the case was subject to dismissal. Dkt. 9. This extended deadline was over 115 days after the date the lawsuit was filed in this Court.

The day before the Court's deadline for filing proof of service, Plaintiff then filed a motion requesting additional time to complete service. Dkt. 11. The motion was unverified and simply affirmed that the service upon three of the four Defendants was delayed due to "inadvertence, mistake, or excusable neglect."

Plaintiff has since made an effort to file "proof of service" for three defendants in this case: Alamo Title Insurance (Dkt. 10) filed on February 14, 2017; Maxine E. Bernal (Dkt. 12) filed on February 20, 2017; and David W. Morris filed on March 21, 2017 (Dkt. 13). The first, Alamo Title, was filed before the Court's deadline of February 17, 2017. The others were not. Further, Plaintiff has not yet filed any proof of service upon "First Franklin Financial Corporation," despite the summons being issued weeks ago. Nor has Plaintiff set out any specific facts that would evidence "good cause" for these failures.

When a plaintiff does not serve a defendant within the required time period, the Court is required to dismiss the case unless the plaintiff shows good cause for the failure. FED. R. CIV. P. 4(m). The plaintiff bears the burden of demonstrating good cause. *Newby v. Enron Corp.*, 284 Fed. App'x. 146, 149 (5th Cir. 2008). Good cause must rise above "[s]imple inadvertence or mistake of counsel or ignorance of the rules." *Id*. Plaintiff must demonstrate "good faith ... and some reasonable basis for noncompliance within the time specified." *Id*.

Accordingly, the Court hereby finds Plaintiff has not carried its burden and that service upon First Franklin Financial Corporation, Maxine E. Bernal, and David W. Morris is untimely. Given the age of the case, the lack of any substantive effort to explain the delay, and the requirements of the Federal Rules of Civil Procedure, the Court declines to further extend the time for service. Accordingly, Plaintiff's claims against First Franklin Financial Corporation, Maxine E. Bernal, and David W. Morris are **DISMISSED, without prejudice.** Further, Plaintiff's motion for extension of time to complete service (Dkt. 11) is **DENIED**.

SIGNED at Galveston, Texas, this 23rd day of February, 2017.

_____
George C. Hanks Jr.
United States District Judge